```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

SHAWN MICHAEL BERRY,

      Plaintiff,

v.                                  Case No:  2:25-cv-299-JES-NPM

OFFICER TAYLOR SMITH,
Official Capacity, and CITY
OF PUNTA GORDA, Official
Capacity,

      Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. #17) filed on June 23, 2025, by Defendants Officer Taylor Smith ("Officer Smith") and City of Punta Gorda (the "City") (collectively, "Defendants").  Plaintiff Shawn Michael Berry ("Berry") filed a Response in Opposition (Doc. #20) on July 12, 2025.

For the reasons given below, the motion is **GRANTED**.

### I.

When analyzing a Rule 12(b)(6) motion, a court accepts all factual allegations in the complaint as true and takes them in the light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007).  "Legal conclusions without adequate factual support are entitled to no assumption of truth."  Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

The Amended Complaint (Doc. #14) alleges the following: The City enacted City Ordinance Chapter 26, Section 11.5(z) (the "Ordinance"), which, *inter alia*, prohibited the public display of obscene signs. The City Attorney warned that the Ordinance "was likely unconstitutional, particularly as applied to protected political speech in traditional public forums." (Id. at 5, 8.)

On May 3, 2022, Berry and others protested the Ordinance on a public sidewalk in Punta Gorda. They held signs saying: "WE THE PEOPLE SAY FUCK THE BLUE LINE," "FUCK BIDEN," and "I HEART CUMMING."[1] Berry's sign said: "PUNTA GORDA FUCKING FIRST AMENDMENT." Officer Smith approached Berry and cited him under the Ordinance (Citation No. 205346). (Id. at 7.)

Berry contested the citation (Case No. CE#22-00082544). At some point later, during unrelated litigation, the Ordinance was found unconstitutional. On October 12, 2022, the City voluntarily dismissed the citation and civil proceeding against Berry. Even so, Berry claims that the "proceeding . . . imposed mandatory appearances and threats of increasing penalties, which . . . amounted to a seizure pursuant to legal process within the meaning of Williams v. Aguirre, 965 F.3d 1147 (11th Cir. 2020)." (Id.)

From those allegations, Berry brings the following claims,

---

[1] Berry claims that "CUMMING" was a reference to "*Smith v. Cummings.*" (Doc. #14, p. 7.) Construing his complaint liberally, the Court will assume that he means Smith v. City of Cumming, 212 F.3d 1332 (11th Cir. 2000).

seeking: (1) punitive damages against Officer Smith in her individual capacity and for malicious prosecution by the City; and (2) declaratory and injunctive relief mandating the City to (a) "implement and maintain mandatory training for all city code enforcement officers, police officers, and relevant municipal employees on the constitutional rights of individuals . . . with competency testing required for continued enforcement authority," and (b) refrain "from enforcing or defending Chapter 26, Section 11.5(z) or any similar ordinance"  (Doc. #14, p. 9.)

## II.

Defendants raise four grounds for their motion to dismiss: (1) the malicious prosecution claim fails as Berry was not seized pursuant to legal process; (2) punitive damages cannot be recovered against the City in this Section 1983 action; (3) the requests for injunctive and declaratory relief are moot; and (4) the claims against Officer Smith fail due to qualified immunity.  (Doc. #17, p. 2.)  The first three points are addressed together, then the Court turns to the qualified immunity issue.

### A. Undisputed Arguments

Berry's Response (Doc. #20) is entirely unresponsive to the motion.  Only one and a half pages of the thirteen-page response even mention an argument raised by Defendants: qualified immunity. (Id. at 6-7.)  And as discussed below, see Sec. II.B, that portion of the response is so poor that it does little to no work.  The

rest of Berry's response focuses on irrelevant points that have not been raised, such as Monell and individual liability (id. at 2-6), general free speech principles (id. at 8-9), and various abstention doctrines (id. 9-11.)  As a result, Defendants' challenges to Berry's malicious prosecution claim,[2] punitive damages request,[3] and injunctive and declaratory relief requests[4] are effectively undisputed.

Moreover, by failing to respond to Defendants' arguments,

---

[2] Defendants assert that Berry's malicious prosecution claim fails as he has not alleged, and cannot allege, seizure "pursuant to legal process."  (Doc. #17, p. 4-5) (citing Williams, 965 F.3d at 1157; Kinsland v. City of Miami, 382 F.3d 1220, 1235 (11th Cir. 2004)).  Berry suggests that the "mandatory appearances" in his civil enforcement proceeding constitute a "seizure pursuant to legal process."  The Court is not convinced.  As in Hoffman v. Smith, No. 2_24-cv-111-SPC-KCD, 2024 WL 5111681, at *1 n.2 (M.D. Fa. Dec. 13, 2004), it is "unclear if [Berry] attended these proceedings," and "[r]egardless, a mere court appearance does not amount to a seizure pursuant to legal process."  Id. (citing Lyon v. Borders, No. 8:20-cv-438-SDM-PRL, 2022 WL 2032927 *1 (M.D. Fla. March 30, 2022)).

[3] Defendants assert that Berry's request for punitive damages against the City fails as such damages are not available against a municipality in a Section 1983 action.  (Doc. #17, p. 7) (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 261 n.21 (1981)).  That is correct.  But see Young Apts., Inc. v. Town of Jupiter, FL, 529 F.3d 1027, 1047 (11th Cir. 2008).

[4] Defendants assert that Berry's declaratory and injunctive relief requests are moot, as the Ordinance "no longer exists," and as the "case" against him has been dismissed.  (Doc. #17, pp. 7-8.)  The Court agrees that the requests pertaining to the Ordinance are moot.  Moreover, Berry's allegations provide no basis for determining that the staggeringly overbroad mandatory training regime he seeks is appropriate or necessary.  See S.E.C. v. Goble, 682 F.3d 934, 949 (11th Cir. 2012) (expressing "skepticism of [the] validity" of "obey-the-law" injunctions) (collecting cases).

Berry has abandoned these claims, which itself suffices for dismissal. Arrington v. Wells Fargo, 842 F. App'x 307, 311 (11th Cir. 2020) (affirming district court, which found that "by failing to respond to [defendant]'s substantive arguments, the [*pro se* plaintiffs] effectively abandoned their claims."); Tolbert v. Monsanto Co., 625 F. App'x 982, 986 (11th Cir. 2015) (affirming district court which dismissed case and "noted" plaintiffs' "fail[ure] to respond to the equity and estoppel arguments raised by corporate [defendants] in their motion to dismiss"); Holland v. Dep't of Health & Hum. Servs., 51 F. Supp. 3d 1357, 1376 (N.D. Ga. 2014) (granting motion to dismiss plaintiff's punitive damages claim, since by failing to "respond to [d]efendant's argument," plaintiff "abandoned" that claim) (collecting cases).

Thus, Berry's malicious prosecution claim, request for punitive damages against the City, and requests for declaratory and injunctive relief are due to be dismissed.

**B. Qualified Immunity**

The general principles of qualified immunity are well-established. Qualified immunity shields government officials from liability for torts committed in the course of discretionary duties, unless the conduct violates clearly established statutory or constitutional rights which would have been known to a reasonable person. Gervin v. Florence, No. 23-11452, 2025 WL 1618289, at *16 (11th Cir. June 9, 2025). The government official

must first prove she was acting in the scope of discretionary authority when the alleged wrongful act occurred. DeMarcus v. Univ. of S. Alabama, 133 F.4th 1305, 1317 (11th Cir. 2025). If she succeeds on that first step, the burden shifts to the plaintiff to show a violation of clearly established statutory or constitutional rights. Id.

There are several limitations on how a plaintiff may satisfy that burden. Gervin, at *17. Only three methods are available: (1) caselaw with indistinguishable facts; (2) a principle within the Constitution, statute, or caselaw; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of caselaw. Id.; Lewis v. City of W. Palm Beach, 561 F.3d 1288, 1291-92 (11th Cir. 2009). See also Wate v. Kubler, 839 F.3d 1012, 1018 (11th Cir. 2016); Gilmore v. Georgia Dep't of Corr., No. 23-10343, 2025 WL 1911728, at *12 (11th Cir. July 11, 2025). In addition, the plaintiff must rely on law already established at the time of the alleged conduct. Gervin, at *17. "[P]re-existing law must dictate, that is, truly compel . . . the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." King v. Pridmore, 961 F.3d 1135, 1145 (11th Cir. 2020).

Here, Berry alleges that Officer Smith was "acting under color of law" when she issued the citation charging him with violating the Ordinance. (Doc. #14, p. 4.); (Doc. #17, p. 9); Wood v.

- 6 -

Kesler, 323 F.3d 872, 875 (11th Cir. 2003) (explaining that when an officer issued a "citation . . . charg[ing] [plaintiff] with speeding," it was "clear that [the officer] was acting within the course and scope of his discretionary authority"); Alston v. City of Darien, No. CV 216-66, 2017 WL 5560278, at *5 (S.D. Ga. Nov. 17, 2017) ("Case law tends to confirm that officers have discretion to determine whether to issue a citation"), aff'd, 750 F. App'x 825 (11th Cir. 2018). Thus, Officer Smith was acting within her discretionary authority as a law enforcement officer during the entire encounter with Berry.[5]

The burden now shifts to Berry to show that "qualified immunity is not appropriate." DeMarcus, 133 F.4th at 1317. However, Berry runs afoul of the limitation regarding the three methods available to meet his burden. As to the first method, he cites no cases with indistinguishable facts. Gervin, at *17; Lewis, 561 F.3d at 1291-92. Construing Berry's complaint liberally, at best, he relies on the second method — a principle within the Constitution, statute, or caselaw. However, the principle he invokes[6] is too broad and general to put a reasonable

---

[5] See Corbin v. Prummell, No. 2:22-CV-394-JES-KCD, 2025 WL 1802406, at *5 (M.D. Fla. July 1, 2025) (finding that defendant "established that he was acting within his discretionary authority" when plaintiff admitted that defendant "was 'an on-duty law enforcement officer acting under color of law' when he arrested [plaintiff]").

[6] "[R]etaliation against protected speech, content-based regulation, and viewpoint discrimination are at the [] core of the

officer on notice that her conduct in the particular circumstances is prohibited. DeMarcus, 2025 WL 1076822, at *8 (quoting Baxter v. Roberts, 54 F.4th 1241, 1268 (11th Cir. 2022)). As to the third method, there are no allegations of "extreme circumstances" or "particularly egregious facts"[7] that would notify any reasonable officer that her actions "offended the Constitution." DeMarcus, 2025 WL 1076822, at *9. The conduct alleged here "isn't in that universe." Id.

Moreover, to the extent that Berry asserts that the unconstitutionality of the Ordinance suffices to show that qualified immunity is inappropriate, he runs afoul of other limitations. He cites no binding or persuasive decisions pertaining or related to the Ordinance. Wate, 839 F.3d at 1018; Gilmore, 2025 WL 1911728, at *12. He also cites no relevant "pre-existing" legal authorities. King, 961 F.3d at 1145. As Officer Smith correctly notes, Berry alleges that the Ordinance was only

---

rights secured by the First Amendment." (Doc. #20, p. 7.) That argument invites the Court to "err[]" by "relying on [a] general proposition that it is clearly established that [violating core First Amendment rights is] unconstitutional." Corbitt v. Vickers, 929 F.3d 1304, 1316 (11th Cir. 2019). It is thus rejected.

[7] See Corbin, 2025 WL 1802406, at *7 (explaining that the third method of overcoming the burden of qualified immunity has only "applied in situations when an inmate has been left for days in a cell covered in feces, when an inmate has been handcuffed to a post for seven hours in the hot sun without access to a bathroom or much water, and when an arrestee was slammed into a car after already being handcuffed and controlled.").

found unconstitutional *after* he was cited. (Doc. #17, p. 10 (citing Doc. #14, p. 7) ("[T]he City . . . voluntarily dismissed both the citation and the enforcement action, *following* litigation where the same ordinance was found unconstitutional"); Michigan v. DeFillippo, 433 U.S. 31, 38 (1979) ("Police are charged to enforce laws until . . . they are declared unconstitutional. The enactment of a law forecloses speculation by enforcement officers concerning its constitutionality"). Finally, Berry asserts that the Ordinance's pre-existing unconstitutionality was established by "public debate, media coverage, and repeated citizen warnings." (Doc. #20, p. 7.) Those are not legal authorities.

Accordingly, it is now

**ORDERED:**

1. Defendants Officer Taylor Smith and the City of Punta Gorda's Motion to Dismiss (Doc. #17) is **GRANTED.**
2. Plaintiff Shawn Michael Berry may file an amended complaint **no later than twenty-one days** after the issuance of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this  31st  day of July 2025.

/s/ John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record