UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHAWN MICHAEL BERRY,

      Plaintiff,

v.                              Case No:  2:25-cv-299-JES-NPM

TAYLOR SMITH and CITY OF
PUNTA GORDA,

      Defendants.

_____

GEORGE KENNETH NATHANSEN,

      Plaintiff,

v.                              Case No:  2:25-cv-300-JES-NPM

TAYLOR SMITH and CITY OF
PUNTA GORDA,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Taylor Smith ("Officer Smith") and the City of Punta Gorda's (the "City") (collectively "Defendants") Motion to Consolidate (Doc. #43) the first case – Berry v. Smith, Case No. 2:25-cv-299-JES-NPM (the "Berry Case") – with George Kenneth Nathansen's case against the same two Defendants – Nathansen v. Smith, Case No. 2:25-cv-300-KCD-NPM (the "Nathansen Case").  Plaintiff Shawn Michael Berry

("Berry") filed a Response in Opposition (Doc. #44) on April 20, 2026.   Also before the Court is Defendants' Motion to Consolidate (Doc. #24) filed in the Nathansen Case on April 13, 2026.   On May 1, 2026, Judge Kyle C. Dudek entered an Order directing the Clerk to transfer the Nathansen Case under Local Rule 1.07(a)(2)(A). For the reasons set forth below, Defendants' Motions are granted.

**I.**

On May 3, 2022, Plaintiffs Shawn Michael Berry ("Berry") and George Kenneth Nathansen ("Nathansen") were issued citations at a protest for violation of City Ordinance Chapter 26, Section 11.5(z) (the "Ordinance") by Officer Smith.   The Ordinance had been adopted by the City on June 2, 2021, and prohibited the public display of any sign containing obscene language or graphics.[1]   The City

---

[1] More specifically, the Ordinance provides:

> Unless as otherwise provided for in this Article, no person shall erect, display, wear, alter, maintain, or relocate any of the following signs in the City and such existing signs must be removed:
>
> . . .
>
> (z) Any sign which contains obscene language or graphics; and any sign containing fighting words or indecent speech which is legible from any public right-of-way or within any public space, and which can potentially be viewed by children under the age of 17.   This provision includes signs or flags in or on any

instituted civil proceedings against Berry and Nathansen for the citation, but after a state Circuit Court in Charlotte County found the Ordinance unconstitutional,[2] the City voluntarily dismissed both cases.

Both Plaintiffs brought separate actions against Defendants on April 14, 2025 (see Doc. #1, the Berry Case; Doc. #1, the Nathansen Case).  Following the Court's partial grant and partial denial of Defendants' Motion to Dismiss (Doc. #38, the Berry Case), two claims remain in the Berry Case: (1) First Amendment retaliation and (2) Fourth Amendment unreasonable seizure.  The Nathansen Complaint states two claims against Defendants: (1) First Amendment freedom of speech, and (2) Fourth Amendment malicious prosecution.  (Doc. #1, the Nathansen Case.)

## II.

Under Federal Rule of Civil Procedure 42(a)(2), a Court may consolidate matters presenting common questions of law or fact. In exercising this broad discretion, the Court considers: (1) whether the risk of inconsistent adjudications of common factual

---

vehicle, vessel or on any apparel and accoutrements.

Punta Gorda, Fla., Code of Ordinances, ch. 26, § 11.5(z).

[2] See Massey v. City of Punta Gorda, Case No. 21001014CA.

3

and legal issues outweigh the specific risks of prejudice and confusion; (2) the burden that multiple lawsuits present; (3) the amount of time consolidation would save; and (4) the relative expense of consolidating a matter or proceeding on multiple trials. Eghnayem v. Bos. Sci. Corp., 873 F.3d 1304, 1313 (11th Cir. 2017) (internal quotation omitted). "A joint trial is appropriate where [t]here is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against multiple defendants." Allstate Ins. Co. v. Vizcay, 826 F.3d 1326, 1333 (11th Cir. 2016) (citation and internal quotations omitted). However, "[d]istrict judges in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Young v. City of Augusta, 59 F.3d 1160, 1169 (11th Cir. 1995) (internal quotation omitted).

In their Motion to Consolidate, Defendants assert that the allegations against Officer Smith and the City in both cases "revolve around the same facts, events, legal issues, involve the same witnesses, and seek recovery for damages arising out of the same incident." (Doc. #23 at ¶ 3, the Berry Case.)  Accordingly, Defendants assert, to prevent consolidation would "force the City and Smith to wage a war on two fronts over the same circumstances[,]" and "duplicate judicial resources to conduct two near-identical trials, which would involve the same witnesses,

4

Defendants, facts, and issues for a jury to determine." (Id. at pp. 3-4.)  In response, Berry argues that while the background facts of the cases are similar, each involves unique plaintiffs with distinct legal interests, litigation strategies, and damage claims.

The Court agrees with Defendants that surrounding circumstances in both cases weigh in favor of joining these suits at this stage in the litigation. To the extent that Berry argues that consolidation may present a risk of prejudice at trial, the Court finds that such concerns are premature and can be addressed when the case is ready for trial.

Insofar as Berry points to a risk of prejudice stemming from his involvement in an "ADA-assistance" capacity with the Nathansen Case, the Court notes that Nathansen previously represented to the Court that Berry's involvement is purely ministerial.  (Doc. #27 at p. 1, the Nathansen Case.)  The Court reminds both plaintiffs that Berry, who is a non-attorney, is otherwise prohibited from representing Nathansen's legal interests.  See Nathansen v. City of Ocala, No. 5:25-CV-629-MMH-PRL, 2026 WL 36642, at *1 (M.D. Fla. Jan. 6, 2026).

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Consolidate is **GRANTED** to the extent that the cases will be consolidated at this stage in the litigation and bifurcation of trials will be addressed at the Final Pretrial Conference.

2. The cases are consolidated for all further proceedings unless otherwise ordered.

3. The Clerk shall note that the first filed case (2:25-cv-00299) is the lead case and add an association notation to the member case (2:25-cv-00300-JES-NPM). The Clerk shall further terminate all deadlines in the member case (2:25-cv-00300-JES-NPM) and close that file.

4. The parties shall make all further filings in the lead, first filed case only and caption all further filings with the caption of both cases.

   **DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of May 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

6